## MOATS v. SISTERS OF CHARITY OF PROVIDENCE.

### SHELLEY v. SISTERS OF CHARITY OF HOUSE OF PROVIDENCE.

Nos. A–6789, A–7236.

District Court, Alaska. Third Division. Anchorage.
Jan. 24, 1952.

Peter J. Kalamarides, Anchorage, for plaintiffs.

Plummer & Arnell, Anchorage, for defendant.

DIMOND, District Judge.

Each of the plaintiffs alleges that she was injured through the negligence of defendant, a corporation operating a hospital at Anchorage, Alaska. The negligence asserted is of defendant's servant, a nurse. There is no suggestion that due care was not exercised by defendant in selection of the nurse. The cases have no connection except that the cause of damage in each case is said to have arisen out of similar circumstances.

The defendant has moved for judgment on the pleadings, or in the alternative, summary judgment, because of the character of the defendant as a charitable institution whereby it is asserted the defendant is relieved from all liability except in the exercise of due care in choosing its servants.

In the showing made in support of the defendant's motions, it is not alleged that either of the plaintiffs paid nothing for the service rendered and thus was completely a subject of charity, or of the bounty of the defendant. It is, however, alleged without contradiction that the sums paid by each plaintiff for the service given was not sufficient to cover the cost of service and thus to that extent that the plaintiff in each case was a beneficiary of charity of the defendant. The motion in each instance is founded upon

the theory that a charitable hospital is not liable for injuries suffered by its patients due to the negligence of its employees, provided the hospital used due care in the selection of such servants.

An examination of the cases bearing upon the subject indicates that the great weight of authority, as to number of decisions, is in favor of the defendant's view of the law. So far as can be now determined that view was first authoritatively announced in an English case, Heriot's Hospital v. Ross (1848) 8 Eng.Rep. 1508. While the law as announced in Heriot's case was not long thereafter overruled in England, it was nevertheless set up as the law in Massachusetts and Maryland after its reversal by the English courts, and hence the doctrine of Heriot's case is still largely followed in the United States although it appears that more and more it is being repudiated and rejected by our courts.

The doctrine so announced is based in whole or in part upon one or more of the following partially inharmonious and inconsistent theories:

(1) The charity is a trust fund which can not be diverted from the purpose of the trust;

(2) The doctrine of respondeat superior does not apply to charitable institutions;

(3) It is against public policy to hold the hospital liable because such a holding would tend to dry up the sources of the charity and thus result eventually in hardship and suffering to many innocent persons who are without funds;

(4) The patient on entering the hospital waives the right to sue the hospital for injuries; and

(5) Liability of the hospital depends always upon the actual circumstances as to what the hospital undertook to do.

Little if anything would be gained by an extended discussion and explanation of the various reasons underlying what is said to be the prevailing rule, but annotation of the

cases concerning the matter are to be found in 14 A.L.R. 572; 23 A.L.R. 923; 30 A.L.R. 455; 33 A.L.R. 1369; 42 A.L.R. 971; 62 A.L.R. 724; 86 A.L.R. 491; 109 A.L.R. 1199 and 133 A.L.R. 821.

So far as can be determined the present tendency of the courts is to qualify or entirely overrule the claim of immunity by a hospital upon several or even all of the grounds noted above. New York, Minnesota, Oklahoma and New Hampshire have finally held that the hospital is not exempt from liability on any ground, either as to strangers or beneficiaries. At least six states, Alabama, California, Florida, Georgia, Idaho and Utah have determined that the hospital is liable to strangers and paying beneficiaries. It appears that in 13 of the remaining states, strangers are allowed to recover but beneficiaries are denied relief.

A comprehensive and scholarly discussion of the subject is to be found in President and Directors of Georgetown College v. Hughes, 1942, 76 U.S.App.D.C. 123, 130 F.2d 810, opinion by Justice Rutledge. The writer of the opinion in that case favors complete responsibility and no exception whatever either as to strangers or paying or other beneficiaries, but the court itself, as a whole, passed only upon the question of liability as to strangers, in that case a nurse, who was not a patient and not in any sense a beneficiary of the institution, holding the hospital liable. The remainder of the opinion as to non-paying patients appears to be obiter dicta.

In the case of Gregory v. Salem General Hospital, 1944, 175 Or. 464, 153 P.2d 837, the decision was made upon the doctrine of stare decisis because the Supreme Court of Oregon in several earlier cases had held to the theory of non-liability so as to exempt eleemosynary, religious and educational institutions from liability for their acts of negligence.

In Florida, in the case of Nicholson v. Good Samaritan Hospital, 1940, 145 Fla. 360, 199 So. 344, 350, 133 A.L.R.

809, the Court held the hospital liable with respect to a paying patient. There was no pleading or proof that the defendant failed to exercise due care in employing the servant responsible for the injury. Evidently this was a case of first impression coming to the Supreme Court of Florida and we find the concluding paragraph of the opinion as follows:

"While the learned Circuit Judge followed the weight of authority in other jurisdictions, we must, nevertheless, for the reasons above stated, reach a different conclusion. The judgment of the Circuit Court is accordingly,

"Reversed."

In the two cases here under consideration, the plaintiffs cannot be classed as strangers. Each of them was a beneficiary, but each was at least a partial-paying beneficiary, in that each plaintiff paid some money for the service rendered, although the defendant says that the amounts so paid were not sufficient to take care of the entire cost of service.

Without attempting to pass upon the question which was left undecided in the Georgetown College case, supra, that is to say, the responsibility as to completely non-paying beneficiaries, the decision here is that the defendant is liable as to beneficiaries who pay even a part of the cost of service, although it may well be that the remainder of the cost is made up from charitable contributions.

In any event, it seems certain that the present issue should not be decided by summary judgment, or judgment on the pleadings, without a trial and the full disclosure there certain to be made of the relations of the parties and the circumstances of the alleged torts, as well as the damages claimed to have been sustained.

The motions are denied.