**TUENGEL**

v.

**CITY OF SITKA, ALASKA et al.**

**No. 6778–A.**

District Court, Alaska
First Division, Juneau.

Feb. 18, 1954.

R. E. Robertson (of Robertson, Monagle & Eastaugh), Juneau, Alaska, for plaintiff.

Robert Boochever (of Faulkner, Banfield & Boochever), Juneau, Alaska, for defendants.

FOLTA, District Judge.

The plaintiff seeks to recover damages for personal injuries sustained as a con-

sequence of the alleged negligence of the defendant city, as operator of a hospital, and the defendant Board of National Missions, as landlord.

Plaintiff, a barber, went to the hospital to cut the hair of Cresa, a welfare patient. In response to plaintiff's inquiry, the nurse directed him to Cresa's room, but, as a result of misunderstanding or otherwise, the plaintiff opened the door to the basement and plunged down the stairs to the floor, sustaining the injuries complained of.

In his complaint, plaintiff alleges negligence in several particulars: (1) in respect to the directions given him by the nurse, (2) the absence of any sign on the door indicating that the door led to the basement, (3) lack of adequate illumination in the corridor and over the basement stairway, and (4) improper construction of the door, in that it opened into the basement and over the stairway instead of into the corridor.

The defendant city has moved to dismiss and for a summary judgment on the ground that it is immune from suit as well as tort liability, because the operation of the hospital was in the exercise of a governmental function and because the hospital was a charitable institution. The defendant Board has likewise moved to dismiss the complaint, on the ground that no claim is stated as against it, and for summary judgment on the ground that it is a charitable institution and hence immune from tort liability. Thus the city has invoked both doctrines of immunity—that which clothes municipalities and political subdivisions, as well as that which protects charitable institutions. The first is divided into immunity from suit, based on the medieval notion that the king can do no wrong, and immunity from tort liability.

 Immunity from suit is in disfavor in the United States because it is an anomaly in a republic and because of the general recognition of the fact that it is unjust to make the innocent victim of negligence bear the entire loss rather than to distribute the burden among the members of the general public. Notwithstanding the manifest injustice of the doctrine, courts continue to hold political subdivisions immune from suit as well as liability because of the doctrine of stare decisis, Madison v. City and County of San Francisco, 106 Cal. App.2d 232, 234 P.2d 995, rehearing den. 236 P.2d 141. So far as this jurisdiction is concerned, there appears to be no imperative decision that a municipality is immune from suit, or from tort liability in the operation of a charitable hospital, although this Court has recently held that a municipality is immune from suit for acts of commission or omission in the exercise of a governmental function, Carr v. City of Anchorage, D.C., 114 F. Supp. 439. In view of the nature of the right there asserted, the doctrine of that case is not such as would preclude carving out an exception to the immunity rule so far as municipal hospitals are concerned. Incidentally, it should be noted that the term "rule", so often used in describing the immunity doctrine, is really a misnomer, for it is the general rule that one is liable for his negligence or tortious conduct, and hence all concepts of immunity are really exceptions to the rule. In the older cases liability of a municipality in the operation of a hospital turned on the character of the function as proprietary or governmental. Whether it is labeled as one or the other depends on distinctions that appear to be artificial and arbitrary, as a comparison of the authorities cited in 25 A.L.R.2d 211–213, with those cited on pages 213–214 will disclose. The rule that appears preferable and sound is the one prevailing in England and Canada which denies immunity and holds political subdivisions of the government liable for the negligence of their servants in the operation of a hospital to the same extent as private individuals, notwithstanding that they may act in the performance of public duties or eleemosynary and charitable functions, 25 A.L.R.2d 216. This rule achieves substantial justice without arbitrarily labeling the operation of such an institution as a proprietary function.

Moreover the American authorities which have made the label referred to the crucial test of liability in tort, have failed to furnish any satisfactory criteria for determining whether in a given case, a hospital is being operated in the exercise of a proprietary or governmental function, 25 A.L.R.2d 227–229. Undoubtedly this is due to the basic inadequacy and artificiality of such a test. It would, therefore, appear that the reason for the rule of governmental immunity has largely disappeared and that the rule itself ought to be discarded. Cf. Pierce v. Yakima Valley Memorial Hospital Ass'n Wash., 260 P.2d 765, and see dissenting opinion in Madison v. City and County of San Francisco, supra.

■■■ The defendants' claim of the immunity from tort liability because of the doctrine of charitable immunity is in my opinion unavailing in view of Moats v. Sisters of Charity, 13 Alaska 546; Pierce v. Yakima Valley Memorial Hospital Ass'n, supra; Annotation 25 A.L.R. 2d 29.

■ Although the complaint sounds in tort, there is no allegation of negligence on the part of the defendant Board, unless the complaint may be construed as warranting an inference of negligence in leasing premises with a defective or dangerous door. However, I am of the opinion that the allegations are sufficient to state a claim of nuisance even though it may be necessary to prove that the Board leased the building to the city, with knowledge that there was a latent defect, 52 C.J.S., Landlord and Tenant, § 422(b), page 76; 32 Am.Jur. 529–532, 538–542, 640–645, Secs. 665, 671, 756–758. The issue of the existence of a nuisance would probably turn on the same question of fact as the issue of negligence—whether the door was so defective as to create a hazard. This suffices in my opinion to apprise the defendant Board that a claim predicated on the theory of nuisance is being asserted against it.

I conclude, therefore, that the motions should be denied.