Strafford,
No. 4374.

RENA KARDULAS & a. v. DOVER.

Argued January 4, 1955.

Decided January 28, 1955.

*McCabe & Fisher* and *Beamis & Davis* (*Mr. Davis* orally), for the plaintiffs.

*Burns, Calderwood & Bryant* and *Robert E. Hinchey* (*Mr. Hinchey* orally), for the defendant.

LAMPRON, J. Municipal corporations are regarded as having a dual character. "On the one hand they are subdivisions of the state, endowed with governmental powers and charged with governmental functions and responsibilities. On the other they are corporate bodies, capable of much the same acts as private corporations, and having the same special and local interests and relations, not shared by the state at large." Prosser, Torts 1066. It is now well settled in New Hampshire, as it is in most all jurisdictions (38 Am. Jur. 261), that a municipal corporation engaged in a governmental function is not liable for any negligence of its agents, servants and employees. *Reynolds* v. *Nashua*, 93 N. H. 28, 29; *Cushman* v. *Grafton*, 97 N. H. 32, 33; *Shea* v. *Portsmouth*, 98 N. H. 22, 26. There is however a trend against such immunity. *Tuengel* v. *City of Sitka, Alaska*, 118 F. Supp. 399, 400; Prosser, Torts, 1068; 38 Am. Jur. 266. It is also clearly the law that where a municipal corporation acts in a private capacity it is liable for its negligence. *Douglas* v. *Hollis*, 86 N. H. 578; *Shea* v. *Portsmouth, supra*, 23.

The difficulty with this apparently clear distinction between the fields of immunity and of liability however is in its application to certain particular cases. Certain activities have been held to be governmental in nature; highway improvements (*Fournier* v. *Berlin*, 92 N. H. 142), control of fires (*Reynolds* v. *Nashua, supra*; *Shea* v. *Portsmouth, supra*) operation of a playground in a public park (*Piasecny* v. *Manchester*, 82 N. H. 458) or of a swimming pool (*Harkinson* v. *Manchester*, 90 N. H. 554), maintenance in the city hall of a women's lounge and lavatory. *Day* v. *City of Berlin*, 157 F. (2d) 323. There are also many other municipal functions which are governmental in nature. *Edgerly* v. *Concord*, 62 N. H. 8. Certain functions have been held to be corporate or proprietary in nature and the municipality liable for negligence arising therefrom such as furnishing water to its inhabitants at established rates (*Shea* v. *Manchester*, 89 N. H. 547), lease of a schoolhouse for use incident and subordinate to its general purpose (*Douglas* v. *Hollis, supra*); maintenance and operation of a public sewerage

system. *Rowe* v. *Portsmouth,* 56 N. H. 291; *Mitchel* v. *Dover,* 98 N. H. 285.

Laws 1905, *c.* 162, authorized the city of Dover "to accept [the bequest of Arioch Wentworth] for the purposes in said will contained, and . . . to erect, establish, equip and maintain a hospital for the benefit of sick and disabled persons . . . and shall elect five citizens of said Dover as a board of trustees . . . . " *S.* 1. "Said board . . . may purchase such land as may be necessary and shall have full charge, management and control of the erection, equipment and management of such building or buildings as may be necessary to carry into effect the purposes of this act; may employ and fix the compensation of such agents as they shall deem expedient . . . and make necessary rules and regulations for their own government and for the control and management of all property . . . connected with the proper conduct of said hospital." *S.* 2. "The board . . . shall hold in trust all property now bequeathed, or hereafter acquired . . . and the . . . use . . . of the same, and the income thereof, shall be within the sole control and discretion of said board . . . and the same being in the nature of a public charity shall be exempt from taxation." *S.* 3. "The city councils are authorized to appropriate such sums of money from time to time for the maintenance of said hospital as in their judgment may be necessary." *S.* 5. See also, Laws 1949, *c.* 430, *ss.* 28-30.

It has been decided in this state that a hospital organized and maintained as a charitable institution is liable to a patient for injuries sustained as a result of the negligent conduct of its servants. *Welch* v. *Hospital,* 90 N. H. 337; see *Sandwell* v. *Elliott Hospital,* 92 N. H. 41; *Nickerson* v. *Association,* 96 N. H. 482. If defendant has any immunity it must therefore be because it is exercising a governmental function in its operation of this hospital.

There is no open-sesame for the determination of what is a governmental or corporate function. See anno. 25 A. L. R. (2d) 203, 229. The Wentworth Hospital came into being by virtue of a bequest to create it. Laws 1905, *c.* 162, by which it was authorized states that its property is not taxable because of its charitable purpose. This is some indication that the Legislature did not regard operation of the hospital as a governmental function, to be carried on in property which would be exempt from taxation on that account. Its purposes are more closely related to those of a private institution in the same field (Prosser, Torts, 1071) than to

those of an institution for the mentally ill or for the care of indigents or for the control of contagious diseases which are governmental in nature because pertaining to interests which are not so special and local as those served by a general hospital of the type of the Wentworth. *Carlson* v. *Marinette County*, 264 Wis. 423; see *Kress* v. *City of Newark*, 8 N. J. 562.

We are therefore of the opinion that in the operation of this hospital the city of Dover was performing a proprietary or corporate rather than a governmental function and that its demurrer was properly overruled.

*Exception overruled.*

All concurred.