PER CURIAM.
On the date this cause was set for oral argument, attorneys for the respective parties orally advised the court that they had reached a settlement and amicably adjusted the controversy involved in this appeal and that a stipulation executed by counsel for the respective parties, setting forth the terms and conditions of their agreement would be filed forthwith in the court.
The stipulation of the parties as represented by their counsel of record has now *807 been filed in the cause, indicating that the controversy in this appeal has been amicably adjusted and settled subject to the terms and conditions of said stipulation. The court has examined the stipulation and it appears to be in all respects a lawful and proper settlement of the controversy involved in the appeal and should be put into effect by appropriate decree embracing the terms, conditions, provisions and agreements of said stipulation.
It is thereupon considered, ordered and adjudged that the following portion of the decree appealed, dated February 23, 1961, recorded in Chancery Order Book 1500, page 575, in the office of the Clerk of the Circuit Court, Dade County, Florida:
“ORDERED, ADJUDGED AND DECREED that the Plaintiff, EDWARD SCHLITZ, shall have custody of the minor child during the working hours of the Defendant, JUNE SCHLITZ, and that the Defendant shall have the right to pick up the child after work each day. In the event the Defendant is employed at night, the child shall stay with the Plaintiff during the said time that the Defendant is working, but under no condition shall she remove the child from the home of the Plaintiff after 9:00 P.M. * * *”
be and the same is hereby vacated and set aside and this cause be and the same is hereby remanded to the Circuit Court of Dade County, Florida, with directions to enter an amended final decree in said cause in conformity with and carrying into effect the terms and conditions of the stipulation hereinbefore mentioned, all of which shall be certified to the said Circuit Court, together with the mandate of this court herein. See Adams v. Galloway, 115 Fla. 166, 155 So. 96.
Remanded with directions.