Grafton,
No. 5068.

LISBON *v.* LISBON VILLAGE DISTRICT & *a.*

Argued June 26, 1962.

Decided July 16, 1962.

*Beryle M. Aldrich* and *Nighswander, Lord & Bownes* (*Mr. Hugh H. Bownes* orally), for the plaintiff town of Lisbon.

*Frederick J. Harrigan* (by brief and orally), for the defendant Lisbon village district.

*Wyman, Bean & Tefft* (*Messrs. Louis C. Wyman* and *Stanton E. Tefft* orally), for Sugar Hill improvement association.

LAMPRON, J. The original Lisbon village district was formed by special act of the Legislature. Laws 1903, *c.* 224. In addition to the powers of a village district, it was given some of the powers of the mayor and aldermen of cities, of the selectmen of towns, of firewards and all the powers of health officers of towns. On June 9, 1960, it was voted to dissolve this district effective December, 31, 1960. It was also voted that on the latter date all cash assets and accounts receivable be delivered to or retained by the water district division together with such physical equipment as was then in actual use by that department. All other plants, equipment and assets were to go to the town of Lisbon. This court upheld a trial court decree that this vote legally terminated that district. *Sugar Hill Improvement Ass'n* v. *Lisbon,* 104 N. H. 40.

In May, 1961, a Lisbon village water district was formed with boundaries enlarged to include part of the town of Landaff. This new water district assumed control over the cash, accounts receivable, plant, equipment and assets, including the real estate, of the water department which had been a part of the original village district. At a meeting on August 10, 1961, this new water district purported to dissolve itself, effective December 31, 1961, and all its assets were to be conveyed to a new Lisbon village district if established January 1, 1962.

At a meeting held August 30, 1961, a new Lisbon village district was formed to become effective January 1, 1962. In its charter the phrase "and any other lawful purpose" was added to the purposes enumerated in RSA ch. 52 under the provisions of which this new district was organized. It has the same boundaries as the original

district and had possession and use, as of February 28, 1962, and prior thereto, of the trucks, equipment and other assets previously owned by the original district. Its water department has assumed control and has possession and use of the same assets previously owned by the water department of the original district and later by the water district formed in May, 1961, and later dissolved.

Meanwhile the Legislature passed an act, approved July 5, 1961, incorporating the inhabitants of the easterly part of Lisbon, the Sugar Hill area, into a separate town. Laws 1961, c. 360. Section 7 thereof provides that "this act shall take effect as of April 1, 1962, provided however, that during the period from March 1, 1962 to March 31, 1962, the first meeting of Sugar Hill shall be held as provided by section 4 of this act. Notwithstanding anything to the contrary in this section, in the event that on February 28, 1962, there is in existence a village district in the town of Lisbon with powers, liabilities, taxes and extent identical so far as possible to the Lisbon village district which may have been dissolved in June, 1960, then this act shall be null and void and of no further force and effect. On and after February 28, 1962, the provisions of RSA 52:21 shall not apply to any village district which may be in existence in Lisbon on February 28, 1962."

The basic issue to be resolved therefore is whether there was in existence on February 28, 1962, a village district in the town of Lisbon with powers, liabilities, taxes and extent identical so far as possible to the Lisbon village district which was voted on June 9, 1960, to be dissolved as of December 31, 1960. What has actually transpired is not greatly in dispute. What is in sharp contest is the effect on the issue to be decided of certain acts or omissions which took place.

It might be useful to consider first a few subsidiary questions. It is contended that the Sugar Hill improvement association, not being or representing a taxpayer or a resident of the town of Lisbon, has no standing to raise objections to any acts or omissions by the town or the village district. We are dealing with a matter of public importance. It is imperative that there be an early and final determination of whether Sugar Hill has become a separate town. This answer is sought by the town and the village district so that the selectmen of Lisbon may learn the scope of their duties and obligations. In the interest of justice and to permit the orderly operation of town government we will consider

the merits of the controversy. *Lisbon School District* v. *District*, 96 N. H. 290, 292; *Duncan* v. *Jaffrey*, 98 N. H. 305, 306; *Sugar Hill Improvement Ass'n* v. *Lisbon*, 104 N. H. 40, 42.

Argument is also made that chapter 360 of Laws of 1961 is unconstitutional. The reasons given are that it constitutes an intervention by the Legislature in a matter pending in the courts and is in violation of the separation of powers (Const., Pt. I, *Art.* 37th) and an enactment of a retrospective law. *Id., Art.* 23d. Also that the prohibition in its section 7 against dissolution of any new village district which may be formed constitutes undue discrimination when other such districts are permitted to dissolve under RSA 52:21.

There has been for over a century and there is now in this state plenary control by the Legislature over municipalities and similar corporations which would include village districts. *State* v. *Goffstown*, 100 N. H. 131, 133. This includes not only the power to create them but also to modify or divide them in such manner as to meet the public exigencies. *Bristol* v. *New Chester*, 3 N. H. 524, 532, 534. It may exercise this authority at the local level (*Opinion of the Justices*, 102 N. H. 240 ) and because the Legislature is operating in a sphere essentially legislative in nature its action does not constitute an invasion of the judicial power. *State* v. *Goffstown, supra*, 133. This legislation is not a retrospective law because in the nature of things the power to so act is reserved by necessary implication when these entities are created. *Bristol* v. *New Chester, supra*, 532.

The evident purpose of Laws 1961, *c.* 360 was to separate Sugar Hill from Lisbon unless a village district "identical so far as possible" to the original district was in existence on February 28, 1962 and was maintained thereafter. Otherwise the purpose of the Legislature could be thwarted by a vote to dissolve the district soon after that date. This was sufficient reason to prohibit the dissolution of this district except by its permission. The enactment of the provision against dissolution under RSA 52:21 did not constitute arbitrary action. *Welch* v. *State*, 89 N. H. 428, 432. This law is constitutional. *Opinion of the Justices*, 102 N. H. 240.

It had become the practice of the original district to raise money for the maintenance of highways within the boundaries of the district itself of which Sugar Hill is not a part. The district would pay for all winter maintenance and 55% of the summer

maintenance of roads within the district. A dissolution of the original village district and its replacement by a new district without power to maintain highways would necessarily result in apportionment of a larger share of the costs of such maintenance to the taxpayers of Lisbon who reside in Sugar Hill.

The Trial Court properly ruled that "the new district, having been organized under RSA ch. 52, could not and does not have such powers" to maintain highways. The original of said chapter 52 was a statute passed in 1849 entitled "An act making further provisions for the extinguishment of fires." Laws 1849, c. 852. "The purpose of the act was to enable the inhabitants of the compact part of towns to tax themselves to provide and keep in repair apparatus for preventing and extinguishing fires and for the maintenance of the necessary officers to operate the same. Other purposes have been added from time to time. The theory of the legislation has been to provide special facilities for certain portions of the town specially interested therein, which the whole town might be unwilling, or could not properly be called upon, to support by general taxation." *Granite State Land Co.* v. *Hampton*, 76 N. H. 1, 5. Village districts, like towns, have only such powers as are granted to them by the State and are bound by the limits imposed upon them by the Legislature from which they derive their powers. *Opinion of the Justices*, 101 N. H. 544, 545. The maintenance of highways is not one of the purposes enumerated in RSA ch. 52 and any district formed thereunder would not have such power. See *State* v. *Jenkins*, 102 N. H. 545, 546.

It does not follow therefrom, as argued by the town, that, because a new village district formed under that chapter could not have the power to raise money to maintain and repair highways, the Legislature must have intended the village district it provided should be in existence on February 28, 1962, should lack that power. Chapter 360 does not state that the district provided for must be one formed under RSA ch. 52 although it is evident that if a new village district was to be formed without special act of the Legislature that chapter was the only means available. However when chapter 360 was passed by the Legislature on June 30, 1961, the question of whether the original village district had been legally dissolved was still pending in court and no final determination of it was made until March 6, 1962. *Sugar Hill Improvement Ass'n* v. *Lisbon*, 104 N. H. 40.

No compelling reason has been advanced why, between July 5, 1961 when chapter 360 was approved and February 28, 1962, the original district could not have been maintained in existence by agreement of the parties to the then pending appeal, or by action of the town and of the village district. There is evidence from which it could be found that agreement could have been secured to a stipulation for a court order that the original district had not been dissolved. *United States* v. *Pope*, 94 F. 2d 557 (5th Cir. 1938); *Schlitz* v. *Schlitz*, (Fla. App. 1962) 138 So. 2d 806. No action in that direction was undertaken by the town or the village district nor was any attempt made to submit to the voters of the village district at a meeting held August 30, 1961 or at any other meeting which could have been called during the above period the question of rescinding the dissolution vote previously passed. See *Lamb* v. *Danville School Board*, 102 N. H. 569. If either of these methods had been followed there could have been no question that the village district in existence on February 28, 1962, was "identical so far as possible to the Lisbon Village District which may have been dissolved in June, 1960."

We are therefore of the opinion that the village district in existence on February 28, 1962 which did not have the power to maintain highways did not meet the conditions of chapter 360, Laws of 1961, so as to prevent Sugar Hill from becoming a separate town as of April 1, 1962 provided it complied with sections 4 and 7 of this chapter.

Because of the result reached it is unnecessary to consider the effect of any other act or omission of the town of Lisbon or of the new village district.

*Remanded.*

All concurred.