Strafford
No. 6627

## CITY OF DOVER

v.

## WENTWORTH-DOUGLASS HOSPITAL TRUSTEES & a.

February 28, 1974

*James Koromilas,* by brief and orally, for the plaintiff.

*Joseph P. Nadeau, William B. Cullimore* and *William E. Galanes* (*Mr. Joseph P. Nadeau* orally) for the defendant Trustees and City Manager.

*G. Wells Anderson,* director of charitable trusts, pro se, by brief.

GRIFFITH, J.   The city of Dover seeks by declaratory judgment a decree that it is the legal owner of the Wentworth-Douglass Hospital and entitled to have the trustees furnish the city council with a detailed report for the year 1971 of all matters pertaining to the hospital including individual salaries of hospital employees. The parties filed an agreed statement of facts and the Trial Court (*Perkins,* J.) reserved and transferred without ruling all questions of law raised by the pleadings and the agreed statement of facts.

The Wentworth-Douglass Hospital began as the Wentworth Hospital when Arioch Wentworth in his will bequeathed to the city of Dover the sum of one hundred thousand dollars to build a hospital. Laws 1905, ch. 162 authorized the city to accept the bequest and to erect and maintain a hospital. The act provided for a board of trustees to be nominated by the mayor and elected by the aldermen with broad powers of management and control. Section 3 of the act provides in part: "The board of trustees shall hold in trust all property bequeathed for hospital purposes; and the investment, use, disposition, and expenditure of the same, and the income thereof, shall be within the sole control and discretion of said board of trustees . . . ." Section 5 provided that the board of trustees annually "make a detailed report of all matters pertaining to said hospital to the city council."

The initial statute has been amended from time to time largely to provide different methods of appointment of trustees to conform to changes in the city charter. *See* Laws 1913, ch. 303; Laws 1929, ch. 329; Laws 1947, ch. 402; Laws 1949, ch. 430; Laws 1953, ch. 358; Laws 1963, ch. 425. This last act changed the name of the hospital to Wentworth-Douglass Hospital in recognition of a gift from Mr. and Mrs. Francis S. Douglass.

The plaintiff claims that the city owns the hospital and that the trustees are their agents obligated to carry out such directions as may be given them by the city council. The city relies upon *Kardulas v. Dover,* 99 N.H. 359, 111 A.2d 327 (1955), where it was held that the city was liable for negligence in the operation of the hospital. While the trustees were not parties to that action and the question decided was that the city's operation of the hospital was proprietary rather than governmental that decision lends credence to the proposition that the city has legal title to the hospital. However, the issue of title is unimportant in this case on the question of control by the city council of the actions of the hospital trustees. The relationship between the city council and the trustees is not governed by the ordinary rules of principal and agent but by the acts of the legislature setting forth their respective duties and powers in the operation of the hospital.

The legislature possesses plenary control over municipalities (*Lisbon v. Lisbon Village District,* 104 N.H. 255, 258, 183 A.2d 250, 253 (1962) ) except as modified with respect to charter changes by N.H. CONST. pt. I, art. 39 inserted by amendment in 1966. *See Opinion of the Justices,* 112 N.H. 42, 288 A.2d 697 (1972); *Opinion of the Justices,* 111 N.H. 144, 276 A.2d 479 (1971); *Opinion of the Justices,* 109 N.H. 396, 254 A.2d 273 (1969). The legislature may designate the trustees of a municipal trust fund (*Drury v. Sleeper,* 84 N.H. 98, 146 A. 645 (1929)) or remove the municipality as trustee. G. Bogert, Trusts and Trustees § 521 (2d ed. 1960). It follows that the question of whether the city council may compel the hospital board of trustees to include in their annual report to the council a list of the

individual salaries of the hospital employees is governed not by ownership but by the special statutes involved.

The pertinent parts of Laws 1905, ch. 162 have not been altered by amendment. Laws 1905, 162:5 provides: "The said board shall annually ... make a detailed report of all matters pertaining to said hospital to the city councils ...." It appears that the annual report of the board of trustees has been submitted to the city council for many years without a list of the individual salaries of employees. The present controversy arose when the 1971 report was rejected because a list of salaries of hospital employees was not included as demanded by council resolution. The submitted report was some twenty-seven pages in length, prepared by a certified public accountant and included a listing of total salaries paid in each hospital department. We are of the opinion that the 1971 report of the trustees satisfies the requirements of Laws 1905, 162:5 unless the information now sought by the city council is reasonably necessary to the council in the carrying out by the council of the authority assigned to it by the legislature in relation to the Wentworth-Douglass Hospital. *State v. County Court*, 137 W. Va. 127, 134, 70 S.E.2d 260, 263 (1952); *State v. Commissioners of Washington County*, 56 Ohio St. 631, 47 N.E. 565 (1897).

There are basically five areas in which the legislature has given Dover government officials authority relative to the Wentworth-Douglass Hospital: (1) in the appointment of trustees; (2) in removing trustees for cause; (3) in sitting ex officio as members of the board; (4) in appropriating money; and (5) in receiving the annual report of the hospital trustees. Laws 1905, 162:1, 5; Laws 1963, 425:2. The trustees were given by the legislature in Laws 1905, 162:2 the right to employ agents and fix their salaries in the operation of the hospital and in Laws 1905, 162:3 the right to function as an independent board with "sole control and discretion."

The information furnished to the council by the trustees was sufficient for them to carry out their prescribed functions in the absence of special circumstances requiring the information sought. It is apparent the legislature did not contemplate the council interfering with the internal operation of the

hospital. The information sought as to the individual salaries would constitute an unwarranted intrusion into the operation of the hospital in the absence of any reasonable purpose. There is no allegation in the record of mismanagement or malfeasance by the trustees and the agreed statement of facts contains no facts indicating any necessity for the information sought. We hold that the trustees of the Wentworth-Douglass Hospital need not furnish the city council with a detailed list of the individual salaries of the hospital employees.

In the progress of the case to this court other areas of dispute have arisen between the parties which were not included in the reserved case. Since these questions have been briefed and argued and future litigation may be avoided, we deem it expedient to answer these additional questions.

It is claimed by the council that since the city manager has been sitting as an ex officio member of the hospital board of trustees, he owes a duty as city manager to personally respond to the city council with the information on the individual salaries. The claim by the city council that an independent duty to report is imposed on the city manager as a trustee is inconsistent with the intent of the legislature to make the hospital independent of the city's governmental functions. When the city manager acts in his governmental capacity he is divorced from the administration of the hospital and when he acts as a hospital trustee he is divorced from his governmental duties and has the duties and responsibilities of a trustee. *Sendak v. Trustees of Indiana Univ.*, 254 Ind. 390, 393, 260 N.E. 2d 601, 602-03 (1970). Any obligation he has to report to the city council is the same as that of any other hospital trustee in the preparation and responsibility for the annual report of the trustees.

The final questions submitted relate to the appointment of the board of trustees of the hospital and the question of who shall serve from the municipal government as ex officio member or members of the board. It appears that Dover has had the city manager form of government since January of 1962 and that until the present dispute arose, the city manager has appointed all members of the board of trustees and served as an ex officio member of the board.

The city council claims that the board should be elected by the city council and that the mayor should serve as an additional ex officio member of the board. The defendants contend that the present method of appointment of trustees and service by the city manager as the sole ex officio member of the board is the correct one.

The answer to these questions is inextricably involved in the thicket of changes in the Dover city charter and in special acts relating to the Wentworth-Douglass Hospital. Laws 1963, 425:2 relied upon by the plaintiffs, so far as it relates to this case, was virtually a reenactment of Laws 1949, 430:28, which in turn reaffirmed the provisions of Laws 1947, ch. 402, Laws 1929, 329:42, and Laws 1905, 162:1 (the original charter). Each of these statutes provided for nomination or appointment of the hospital trustees by the mayor, with election or confirmation by the board of mayor and aldermen or council. Yet over this same period of time, the Dover form of government has vacillated between a mayor and board of aldermen or council form of government and a city manager form. *See* Laws 1905, ch. 162 (mayor-aldermen-common council); Laws 1929, ch. 329 (similar); Laws 1947, ch. 385 (city manager); Laws 1949, ch. 430 (mayor-council); Laws 1953, ch. 358 (alternative, mayor-council or city manager form).

Under the latter enactment (Laws 1953, 358:34), the city manager form of government was adopted by referendum in 1961, and has been the form of government in force in Dover since January 1962. If the provisions of Laws 1963, ch. 425 were applied literally to the form of government now in effect, they would require that the mayor appoint the trustees with confirmation by the city council, and that the mayor serve as ex officio member of the board. We are mindful however of the fact that Laws 1953, ch. 358 provides for referenda to be held upon petition every four years for sixteen years, to determine whether there shall be a change from one form of government to the other, as therein provided. *See also* RSA ch. 49-A. We are of the opinion that to apply Laws 1963, 425:2 literally to the form of government now in force in the city, in view of its alliance with Laws

1949, 430:28, would do violence to the language of the present charter when considered in the light of the several charter changes over the years. *Opinion of the Justices,* 75 N.H. 613, 72 A. 754 (1909). In neither the present nor previous city manager charter was it thought necessary to detail the selection of hospital trustees. In the present city manager charter the mayor's duties are restricted to acting as official head of the city for all ceremonial purposes and presiding at meetings of the city council. "All other duties of the mayor prescribed by law shall be exercised by the manager provided for in this charter." Laws 1953, 358:33 (9). The city manager is given broad appointive powers and no approval of his appointments by the council is required. Laws 1953, 358:33 (22).

It would appear that the appointive method provided in Laws 1963, ch. 425 is intended to be operative only when the mayor and council charter it refers to is in effect. Since there has been no bicameral city council for some years and the ex officio member has been limited to the mayor, under the present charter the manager properly serves in the ex officio place of the mayor. Since the manager under this charter has the general appointive powers formerly delegated to both the mayor and city council, he properly appoints the hospital trustees without confirmation by the city council. In reaching this conclusion, we have given consideration to the practical contemporaneous construction by the city for more than a decade of the powers of the city manager with reference to the trustees of the hospital. *Attorney General v. Duncan,* 76 N.H. 11, 16, 78 A. 925, 927-28 (1911).

*Petition dismissed.*

All concurred.