Strafford
No. 81-285

RICHARD D. SEDGEWICK

v.

CITY OF DOVER & a.

March 5, 1982

*Burns, Bryant, Hinchey, Cox & Shea*, of Dover (*Robert P. Shea* on the brief and orally), for the plaintiff.

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*William C. Saturley* on the brief and orally), for the defendant Trustees of the Wentworth-Douglass Hospital.

KING, C.J.  The plaintiff, Richard D. Sedgewick, a taxpayer and resident of the City of Dover, filed a petition for declaratory judgment in the Strafford County Superior Court seeking a determina-

tion that Chapter 238 of the Laws of 1981 unconstitutionally permitted a change in the City of Dover Charter, by altering the operational posture of the Wentworth-Douglass Hospital, without a referendum vote. The plaintiff also sought an injunction prohibiting the defendant Trustees of Wentworth-Douglass Hospital from implementing the provisions of the 1981 enactment. After hearing the plaintiff's petition for declaratory and injunctive relief, the Superior Court (*Goode*, J.) transferred the case to this court for a determination of the merits of the plaintiff's petitions. The trial court enjoined the defendants from implementing the provisions of Chapter 238 pending this court's resolution of the issues.

In 1903, the will of Arioch Wentworth bequeathed $100,000 to the City of Dover, New Hampshire, for the erection of a hospital to be known as the Wentworth Hospital. Because the city had no authority to build and maintain a hospital, the legislature enacted a statute in 1905 giving the city the necessary authority to utilize the legacy. Laws 1905, 162:1–6 (repealed, Laws 1981, ch. 238). The legislative enactment stated that the mayor and aldermen of the city were to elect the hospital's board of trustees and also defined the duties of the trustees. *Id.* After the City of Dover formally accepted the legacy, the hospital was erected and opened in 1906.

In 1929, the legislature revised the Dover City Charter, essentially incorporating the provisions of the 1905 enactment. Laws 1929, 329:42–46 (repealed, Laws 1981, ch. 238). In 1947, the legislature again revised the city charter, changing only the section addressing the appointment and removal of trustees, and preserving the provisions concerning the hospital's organization and maintenance. Laws 1947, 402:1 (repealed, Laws 1981, ch. 238). In the same provision, the legislature authorized the city to perform any acts necessary to maintain the hospital and enacted a provision requiring city representation on the hospital's board of trustees. *See* Laws 1947, 402:1 II (repealed, Laws 1981, ch. 238).

In 1949, by referendum vote, the city adopted a new charter, but the provisions concerning the hospital remained substantially unchanged. *See* Laws 1949, 430:28–32 (repealed, Laws 1981, ch. 238). The city adopted a city manager form of government by referendum vote in 1953, but again did not disturb the provisions concerning the hospital. *See* Laws 1953, 358:16 (repealed, Laws 1981, ch. 238).

In 1966, the State of New Hampshire amended its constitution as follows:

"No law changing the charter or form of government of a particular city or town shall be enacted by the legisla-

ture except to become effective upon the approval of the voters of such city or town upon a referendum to be provided for in said law.

The legislature may by general law authorize cities and towns to adopt or amend their charters or forms of government in any way which is not in conflict with general law, provided that such charters or amendments shall become effective only upon the approval of the voters of each such city or town on a referendum."

N.H. CONST. pt. 1, art. 39.

In 1975, the legislature authorized the City of Dover to borrow up to $2,700,000 for additions to the hospital. Laws 1975, 344:1, :2. Subsequently, the city became indebted on two Public Improvement Bonds.

In 1977, the city revised its charter by referendum vote, *see* Laws 1977, 275:1–4, but did not alter the provision concerning the hospital. Presently, the city charter provision regarding the hospital reads as follows:

"The City of Dover is hereby authorized to do and perform any and all acts necessary to maintain the Wentworth-Douglas [sic] hospital agreeable to the terms and conditions imposed in the deed of trust creating such hospital, and the members of the board of trustees of said hospital as now created, shall continue in service for the full term for which they were severally appointed, and hereafter in the month of March, annually, the city manager shall appoint one citizen of said city to be a member of said board of hospital trustees who shall hold office for the full term of five years from the date of his appointment, and until his successor is appointed and qualified, unless sooner removed. If a vacancy occurs the city manager shall appoint some person to fill said vacancy for the remainder of said term. The city manager may remove any member of said board of hospital trustees at any time for cause, upon charges duly filed with the clerk of said city and upon a full hearing thereon. The city manager shall be an ex-officio member of said board with all the rights and privileges of his associates on the board."

Dover City Charter, art. XI, § 9.1.

In June 1981, the legislature enacted a provision that changed the hospital's status from a quasi-municipal entity to a non-profit

community hospital and repealed the enactments of 1905, 1929, 1947, 1949, and 1953. Laws 1981, ch. 238. The legislative act did not provide for a referendum vote. The enactment states that the hospital shall become a corporate entity with the same duties and powers prescribed for all other corporate bodies. Laws 1981, 238:2, :4. All property held in trust for the hospital by the City of Dover is to vest in the hospital corporation. Laws 1981, 238:7. Furthermore, any city bonds used for hospital renovations, which are not paid in full, shall become debts of the new hospital corporation. Laws 1981, 238:8. Although the enactment does not require city government representation on the hospital's board of trustees, it requires that three-quarters of the corporators and trustees of the new corporation be residents of the City of Dover. Laws 1981, 238:1, :3, :6. The election of the corporators shall be by the Dover City Council, the Dover State representatives and the current board of trustees. Laws 1981, 238:3. The corporators will then elect a new board of trustees. Laws 1981, 238:6.

The plaintiff argues that the 1981 legislative enactment violates the New Hampshire Constitution by ordering a change in the City of Dover charter without referendum vote. We disagree.

Without a legislative act, the city lacks the power to operate and maintain a hospital. *See* RSA 31:19. The legislature granted such authority to the city in 1905, *see* Laws 1905, ch. 162, but repealed that grant of authority in 1981. Laws 1981, 238:12. *See Public Serv. Co. v. Town of Hampton*, 120 N.H. 68, 71, 411 A.2d 164, 166 (1980).

Although we agree with the plaintiff that the City of Dover incorporated in its charter the legislative enactments regarding the city's power to operate the hospital, that act alone does not extinguish the legislature's power over an area which has been traditionally within its control. *See Dover v. Wentworth-Douglass Hosp. Trustees*, 114 N.H. 123, 125, 316 A.2d 183, 184 (1974).

The 1966 amendment to the New Hampshire Constitution did not remove the power of the legislature to control certain aspects of city functions. *See id.* at 125, 316 A.2d at 184. This court has stated that the legislature still has the power to confer additional powers on a municipality. *Opinion of the Justices*, 112 N.H. 42, 46, 288 A.2d 697, 700 (1972). The amendment to the constitution has been interpreted as preventing the legislature from altering the form of municipal government, as provided in the charter, without a referendum vote. *Id.* at 46, 288 A.2d at 700; *cf. Girard v. Town of Allenstown*, 121 N.H. 268, 272, 428 A.2d 488, 491 (1981).

Although the removal of the city's power to operate the hospital did not confer additional powers on the City of Dover, the 1981 enactment was not a change in the city's form of government, and therefore does not fall within the restrictions of the 1966 constitutional amendment.

■ This court has previously considered the powers of the City of Dover and the State legislature regarding the Wentworth-Douglass Hospital. In *Dover v. Wentworth-Douglass Hosp. Trustees*, 114 N.H. 123, 316 A.2d 183 (1974), this court concluded that the city's power to operate the hospital was derived from legislative act, not from the city's charter provisions. Furthermore, the court stated that the legislature has the power to "remove the municipality as trustee." *Id.* at 125, 316 A.2d at 184. Essentially, the 1981 legislative enactment removed the City of Dover as trustee of the hospital, and, therefore, the enactment is permissible under this court's 1974 decision.

■ The purpose of the 1981 legislative enactment was to eliminate the confusion caused by the hospital's quasi-municipal status. Laws 1981, 238:1. The confusion to which the legislature referred is evidenced by the 1974 dispute regarding the city's power over the hospital's board of trustees. *See Dover v. Wentworth-Douglass Hosp. Trustees*, 114 N.H. 123, 316 A.2d 183 (1974). We might believe that the city's ties to the hospital outweighed the confusion caused by those ties. *See Dart. College vs. Woodward*, 1 N.H. 111 (1817), *reversed*, 17 U.S. (4 Wheat.) 518 (1819). Judging the wisdom of the legislation, however, is not the function of this court. *Opinion of the Justices*, 116 N.H. 351, 357, 358 A.2d 667, 672 (1976); *Opinion of the Justices*, 111 N.H. 136, 143, 276 A.2d 821, 825 (1971). The legislature has preserved the hospital's community status by requiring that three-quarters of the hospital's corporators and trustees be residents of the City of Dover, Laws 1981, 238:1, :3, :6, and that the corporators be selected by elected officials of the City of Dover. Laws 1981, 238:3. Furthermore, the legislation has not harmed the city financially, because the 1981 enactment provided that the balance due on certain city hospital and public improvement bonds would become a debt of the new hospital entity. Laws 1981, 238:8.

Because the 1981 enactment does not violate the provisions of the New Hampshire Constitution, pt. 1, art. 39, we hold that the enactment is valid and should be implemented.

*Remanded.*

All concurred.