Jan. 24,
  1913.

OPINION OF THE JUSTICES.

The legislature cannot, conformably to the constitution, provide for the taxation of standing wood and timber at a rate less than that imposed upon property in general.

It is within the power of the legislature to exempt certain classes of property from taxation by omitting them from the list of taxable estate, or by specially exempting them.

The legislature may classify money at interest for purposes of taxation, as in chapter 83, Laws of 1911, tax one class, and exempt another.

January 20, 1913, the following communication was addressed to the justices of the supreme court by Hon. William J. Britton, speaker of the house of representatives:

"Whereas, the question was raised during the constitutional convention of 1912 as to the validity under the constitution of chapter 108, of the Laws of 1895, relating to the taxation of savings banks; and

"Whereas, a like question was raised in regard to chapter 83, of the Laws of 1911, relating to the taxation of money on hand or at interest; and

"Whereas, the house of representatives has under consideration a proposed bill to exempt from taxation standing wood and timber to the extent of twenty-five per cent of its just and true value;

"Now, therefore, pursuant to a resolution adopted by the house of representatives on Tuesday, January 14, 1913, I respectfully ask that you render an opinion as soon as possible as to whether the above mentioned laws or proposed law violate any portion of the constitution of the state of New Hampshire."

*To Hon. William J. Britton, Speaker of the House of Representatives:*

The undersigned, the justices of the supreme court, in reply to your request of the 20th instant, made by direction of the house, for our opinions as to the constitutional validity of two chapters of the session laws and of a proposed enactment of the legislature, respectfully submit the following:

Chapter 108, of the Laws of 1895, the first enactment to which the inquiry relates, together with section 5, chapter 65, of the Public Statutes, was repealed in terms by chapter 194, of the Laws of 1911. The act of 1895 amended the Public Statutes by excluding from consideration, in determining the savings-bank tax, loans secured by mortgage upon real estate situated in the state made at a rate not exceeding five per cent per annum. The chapter of the Laws of 1911 relating to the taxation of money on hand or at interest (c. 83) makes the same exemption in the taxation of the property of individuals.

We understand, therefore, the first question upon which our opinion is desired to be whether the constitution requires all property to be taxed. The second inquiry is as to the validity of the proposed act providing for the taxation of a class of property at only seventy-five per cent of its true value. Assuming the legislative intention to be that other property taxed should be assessed for taxation at its true value, the inquiry presents the question whether the constitution requires the proportional appraisal for assessment of all property taxed. The two questions, whether all

property must be taxed and whether all property that is taxed must be taxed alike, have been so thoroughly considered in the past that they cannot now be regarded as open ones.

Two years ago, in answer to an inquiry from the honorable house of representatives as to the validity of certain proposed legislation authorizing the taxation of certain classes of property at a less rate than that imposed upon property in general, we expressed the opinion that such legislation was forbidden by the constitution. We said: "Taxing property at a lower rate as proposed upon its value produces the same result as rating it for taxation at a lower percentage of that value. The universal understanding has been that all property must be assessed upon the same percentage of its value." *Opinion of the Justices, ante,* 588,593. A change in either factor, the rate or the valuation, affects the product, which is the tax, in the same way; and in order that the tax may be equal and proportional, all property must be valued alike and taxed at the same rate. Our views on this question were expressed at length two years ago and are printed in the journal of the house (*pp.* 527–537; *ante,* 588-597). Since then, the question whether the constitution should be changed so as to allow the taxation of certain property at a rate different from the general rate has been submitted to the people. The failure of the people to adopt the proposed change does not persuade us that the views expressed two years ago are erroneous. Our answer to the second question is, that special taxation of standing wood and timber in the manner proposed would not comply with the rule of the constitution.

That it is within the power of the legislature to exempt certain classes of property from taxation by omitting them from the list of taxable estate or specially exempting them is equally well settled. "By the constitution (Bill of Rights, *arts.* 12, 28; Part II, *arts.* 5, 6) and the uniform practice under it for more than a hundred years, no property can be taxed except such as is declared taxable by the legislature. . . . Much property always has been and still is untaxed." *Carpenter,* J., in *Boody* v. *Watson,* 64 N. H. 162, 195. "There is no doubt that the legislature may provide by general laws for the exemption of certain classes of property from taxation, as well as exempt it . . . by omitting it in the description of property to be taxed." *Brewster* v. *Hough,* 10 N. H. 138, 142. We are not aware that this statement by Chief Justice *Parker* in 1839 has ever been questioned. It has been followed in many cases (see *Canaan* v. *District,* 74 N. H. 517, 538–541, where

the cases are collected) and otherwise approved.   Report Tax Com., 1876, *p.* 8; *Ib.*, 1908, *p.* 206.   We are therefore of opinion that the legislature may classify money at interest as in chapter 83, Laws of 1911, and exempt one class and tax the other.

FRANK N. PARSONS.<br>
REUBEN E. WALKER.<br>
GEORGE H. BINGHAM.<br>
JOHN E. YOUNG.<br>
ROBERT J. PEASLEE.

January 24, 1913.