Request of House of Representatives,
No. 5361.

OPINION OF THE JUSTICES.

Submitted April 14, 1965.
Answer returned April 22, 1965.

The following resolution was adopted by the House of Representatives April 6, 1965 and filed in this court on April 7, 1965:

"Whereas, there is pending before the House of Representatives House Bill No. 154, An Act to enable the State of New Hampshire, or any political subdivision thereof, to accept gifts of industrial facilities and to lease or otherwise dispose of the same, in new draft, and

"Whereas, said bill creates a new chapter to be known as RSA 162-D, Acquisition and Disposal of Industrial Facilities, and if enacted into law, would enable a non-profit corporation to issue its revenue obligations, secured by a long term lease, to construct an industrial facility and would authorize the State of New Hampshire or any of its political subdivisions to acquire title to such industrial facility by gift from such non-profit corporation and to lease, sell or convey the industrial facility to any person, firm, partnership or corporation, public or private, and

"Whereas, under Article 12 of Part First, Article 5 of Part Second and other provisions of the Constitution of New Hampshire and under the Fourteenth Amendment to the Constitution of the United States, public funds may not be used for private ends, and

"Whereas, questions have arisen as to the constitutionality of the proposed act, now therefore, be it

"Resolved, that the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions of law:

"1. Are the criteria set forth in Section 162:D-5 of the proposed legislation such as will enable the governor and council to lawfully determine that a proposed undertaking will serve a public purpose and provide a public benefit not in violation of the constitutional policy that public funds shall not be expended for private purposes?

"2. If the answer to question number 1 is in the affirmative, does the governor and council have the power to lawfully determine that a proposed undertaking is within the authority conferred by the proposed legislation and will serve a public use and be of public benefit?

"3. Does the State or any political subdivision thereof have the power to require a lessee, sublessee, occupant or tenant of property acquired by the State or any political subdivision thereof, pursuant to the provisions of the proposed legislation, to

make annual payments to the State or any political subdivision thereof for such lessee's, sublessee's, occupant's or tenant's just share of the public expense, where such property would otherwise be exempt from taxes as being public property?

"4. If the answer to question number 3 is in the affirmative, are the provisions of Section 162:D-7 of the proposed legislation requiring annual payments in lieu of taxes, approved by the governor and council as being a just share of the public expense, constitutional?

"5. Does an undertaking authorized by the proposed legislation constitute the lending of money or credit by a political subdivision of the State of New Hampshire to or for the benefit, directly or indirectly, of a corporation having for its object a dividend or profit, when, under no circumstances permitted or authorized by the proposed legislation may public funds be expended at any time for the construction, acquisition, operation, upkeep, maintenance or use of a proposed undertaking?

"6. Is the proposed legislation otherwise constitutional?

"Be It Further Resolved, that the Speaker transmit seven copies of this resolution and of House Bill No. 154 in new draft to the Clerk of the Supreme Court for consideration by said Court."

The following answer was returned:

*To the House of Representatives:*

The undersigned Justices of the Supreme Court submit the following answer to your request for advice with respect to House Bill No. 154 in new draft. The bill in its original form, with certain proposed amendments, was referred to us for consideration in March of this year, when answers were returned which were unfavorable to the bill, in the form in which it was then presented. *Opinion of the Justices*, 106 N. H. 180. As noted in the cited opinion House Bill No. 153 is a related bill which presents no constitutional questions. It is designed to permit financing of the construction of an industrial facility with private capital by a method which will meet the requirements of *s.* 1.103-1 of the Federal income tax regulations, and revenue ruling 63-20 relating thereto. See Rogers, Municipal Debt Restrictions and Lease-Purchase Financing, 49 A.B.A.J. 49 at 52.

House Bill No. 154 in new draft contains provisions which

serve to clarify the purposes and scope of the bill. The declaration of need and purpose of the bill as now contained in the first section states that "competition between communities in this state merely for the purpose of seeking relocation of industrial facilities located in this state is contrary to the policy of this chapter."

Section 1 further provides that the proposed act shall be used "to furnish additional means for the development of industrial facilities without the use of public funds, where such development is more appropriate under this chapter than under RSA 162-A." RSA ch. 162-A (see RSA Replacement Vol. 2 (1964) *pp*. 553-561) is the chapter which established the Industrial Park Authority (see *Opinion of the Justices*, 99 N. H. 528; *Opinion of the Justices*, 103 N. H. 258), the activities of which may be limited from time to time by reason of prior commitments, diversification of investments, or statutory limitation upon capital expenditures. See RSA 162-A:12.

Changes in the remaining sections of House Bill No. 154 are designed to assure, among other things, that any industrial facility which the State or any of its subdivisions may propose to acquire under the bill shall be constructed, acquired and utilized without public expense; and that any lease of the facility shall contain provisions which will charge the lessee with all cost and expense of operation, maintenance, and upkeep of the facility, and with annual payments to the municipality where the facility is located, equivalent to a just share of the public expense, in lieu of taxes upon the facility itself.

Likewise, by provisions not previously in the bill, the new draft provides that prior to construction of the facility the Governor and Council shall first determine that the undertaking will meet the several requirements of the bill, including those just mentioned.

The requirements to be thus enforced by findings of the Governor and Council, include the fundamental one that the entire undertaking and its operation and use "will serve a public use and provide a public benefit," and aid in the development, growth and prosperity of the State or a subdivision thereof. *S. 5*. Such a finding will necessarily be predicated upon a determination, conversely, that the facility and its use will not be "primarily of benefit to private persons or private uses" even though such benefits may incidentally result. See *Opinion of the Justices*, 106 N. H. 180, *supra; Conway* v. *Water Resources Board*,

89 N. H. 346. Under section 5 of the bill the Governor and Council must also find before construction of any facility can commence that the policies stated in section 1 of the bill are to be complied with.

We are of the opinion that House Bill No. 154 in new draft establishes adequate criteria for determining that a proposed undertaking shall comply with the requirement of the bill, and will serve a public purpose and benefit; and that such a determination shall be made before the State or its subdivisions may participate. We are also of the opinion that such an undertaking, when validly approved by the Governor and Council, will not violate the provisions of the Constitution. See *State ex rel Thompson* v. *Giessel*, 271 Wis. 15.

Accordingly we answer the first four questions in the affirmative, with the qualification that the annual payments referred to in question three are to be made "to the municipality [or municipalities] in which [the] facility is located." *S.* 7. For the same reason, the fifth question is answered in the negative. Our answer to the sixth question, as to whether the proposed legislation is constitutional in respects other than those embraced by prior questions, is that the bill is constitutional upon its face.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
STEPHEN M. WHEELER.

April 22, 1965.

*Robert B. Buckley* for the city of Claremont, Representative *Margaret B. DeLude* and others, for the bill.

*William E. Nolin* for the Joy Manufacturing Co., for the bill.

*William Maynard,* Attorney General and *George S. Pappagianis,* Deputy Attorney General and for the Governor's Special Committee on Industrial Development, for the bill.