Request of House of Representatives,
No. 6261.

## OPINION OF THE JUSTICES.

June 11, 1971.

The following resolution was adopted by the House of Representatives May 13, 1971 and filed in this court on May 17, 1971:

"WHEREAS, there is pending before the House, Senate Bill 103, an act authorizing the state of New Hampshire to acquire and dispose of industrial facilities, and

"WHEREAS, said bill creates a new chapter to be known as RSA 162-E, State Ownership of Industrial Facilities, which if enacted into law, would enable the Industrial Development Authority created under RSA 162-A to issue bonds in order to acquire industrial facilities by purchase or construction, and, as to each such facility, to lease it to a competent industrial tenant, to mortgage the facility and pledge the revenues under the lease as security for the bonds issued to finance such facility and to convey the facility to the tenant for nominal consideration after full payment or adequate provision for the full payment of those bonds, and

"WHEREAS, under section 162-E:7 of the proposed legislation the governor and council must make certain findings with respect to a project for the establishment or expansion of an industrial facility before the Industrial Development Authority may acquire such facility, execute any lease or trust indenture with respect thereto, or issue any bonds to finance the facility, but such proposed legislation does not purport to designate any particular time or stage during the execution of a project for the establishment or expansion of an industrial facility after which such findings may no longer be made, and

"WHEREAS, under section 162-E:11 of the proposed legislation, all bonds issued by the Industrial Development Authority pursuant to the proposed legislation and the interest thereon is to be exempt from taxation in the state of New Hampshire, and

"WHEREAS, under section 162-E:12 of the proposed legislation an industrial facility, while owned by the Industrial Development Authority, is to be exempt from all taxes and special assessments of the state or any political subdivision therof, but the tenant or occupant of such facility is to be required to make annual payments in lieu of taxes and special assessments for its just share of the public expense as determined by the state tax commission after a hearing, and

"WHEREAS, under Article 12 of Part First, Articles 5 and 6 of Part Second and other provisions of the Constitution of New Hampshire and under the Fourteenth Amendment to the Constitution of the United States, public funds may not be used for private ends, and

"WHEREAS, the equal protection clause of the Fourteenth Amendment to the Constitution of the United States and Article 12 of Part First and Article 6 of Part Second of the Constitution of New Hampshire require equality of taxation, subject to reasonable classification of taxpayers, and

"WHEREAS, questions have arisen as to the constitutionality of the proposed act, now therefore be it

"RESOLVED, that the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions of law:

"1. Are the provisions of the proposed legislation for the acquisition, financing, lease and sale of an industrial facility unconstitutional as an authorization of the expenditure of public funds for other than a public purpose?

"2. If the anser to question number 1 is negative, is there any particular time or stage during the execution of a project for the establishment or expansion of an industrial facility after which the governor and council may no longer constitutionally make the findings required by section 162-E:7?

"3. If there is a particular time or stage during the execution of a project after which the required findings may no longer be made constitutionally, is such time or stage ( a ) the commencement of construction of the project, or ( b ) the completion of construction of the project, or ( c ) the placing of the project in full operation, or ( d ) some other time or stage?

"4. Are the provisions of section 162-E:11 of the proposed legislation, which exempt from taxation in the state of New Hampshire the bonds issued by the Industrial Development Authority and the interest thereon, constitutional?

"5. Are the provisions of section 162-E:12 of the proposed legislation exempting industrial facilities from taxation but requiring annual payments in lieu of taxes and special assessments, which payments are determined by the state tax commission to be a just share of the public expense, constitutional?

"6. In all respects, other than those to which the preceding five questions relate, is the proposed legislation constitutional upon its face?

"BE IT FURTHER RESOLVED that the Speaker transmit seven copies of this resolution and of S. B. 103 to the Clerk of the Supreme Court for consideration by said court."

The following answer was returned:

*To the House of Representatives:*

The undersigned Justices of the Supreme Court reply as follows to your request for advice with respect to Senate Bill No. 103 contained in your resolution adopted May 13, 1971 and filed here on May 17, 1971.

Senate Bill No. 103 if enacted into law would create a new chapter to be known as RSA 162-E which would enable the Industrial Development Authority, created by RSA 162-A, to issue bonds in order to acquire industrial facilities by purchase or construction and to lease such facilities to an industrial tenant, to mortgage the facilities and pledge the revenues under the lease as security for the bonds issued to finance the facilities and to convey an individual facility to the tenant for nominal consideration upon full payment of the bonds or adequate provision for their payment.

The stated purposes of the proposed act are essentially the same as those stated in RSA ch. 162-D( supp. ) *i.e.,* that there is a need for the development of industrial facilities to alleviate and prevent unemployment and underemployment, insure growth and prosperity and promote the general welfare of citizens. This, it is declared, will serve a public purpose.

The bill requires that every lease shall provide for the payment of rent sufficient to pay the principal and interest on all bonds and obligate the tenant to pay all costs and expenses of operation, maintenance and upkeep of the facility. All bonds are to be paid off from the rent received and no lease, trust indenture, bond or other instrument shall obligate the State to raise any money by taxation or use any other public funds for any purpose in relation to an industrial facility.

The proposed act provides that the authority "shall not acquire any industrial facility, or execute any lease or trust indentures or issue any bonds . . . unless the governor and council have found after a hearing that the proposed acquisition, leasing, operation and use of such industrial facility will serve a public use and provide a public benefit and that such acquisition and leasing will

be within the policy of, and the authority conferred by, this chapter." The act provides for specified required findings by the Governor and Council before the above determination may be made. These generally parallel those provided in RSA 162-D:5 (supp.).

The proposed act provides for tax exemption for all industrial facilities while owned by the Authority but requires that the tenants or occupants be obligated to make payment annually of their just share of public expense as determined by the State Tax Commission.

Your first question is whether "the provisions of the proposed legislation for the acquisition, financing, lease and sale of an industrial facility [is] unconstitutional as an authorization of the expenditure of public funds for other than a public purpose." N.H. CONST., pt. 1, art. 12; pt. II, arts. 5, 6. Our answer to this question is "No."

The legislation proposed in Senate Bill No. 103 states essentially the same purposes as RSA chs. 162-A and 162-D(supp.), provides the same method as RSA ch. 162-D(supp.) for determining that a particular project will serve a public purpose and is not "'primarily of benefit to private persons or uses' even though such benefits may incidentally result" ( *Opinion of the Justices*, 106 N.H. 237, 240, 209 A.2d 474, 476 (1965)) and requires essentially the same subsidiary findings which the justices of this court have advised provide adequate criteria. *Id.* at 241, 209 A.2d at 476.

Senate Bill No. 103 appears to provide an additional method of financing industrial facilities to accomplish the same purposes as RSA ch. 162-D(supp.) which the justices of this court have advised is constitutional. We are of the opinion that nothing in Senate Bill No. 103 would make an undertaking under it unconstitutional when validly approved by the Governor and Council in accordance with the provisions of the bill. You are respectfully referred to the *Opinion of the Justices*, 106 N.H. 180, 207 A.2d 574 (1965); 106 N.H. 237, 209 A.2d 474 (1965); 103 N.H. 258, 169 A.2d 634 (1961); 109 N.H. 191, 246 A.2d 699 (1968); 99 N.H. 528, 114 A.2d 514 (1955) for the basis of our advice on this question.

Your second and third questions we will consider together. They are:

"2. If the answer to question number 1 is negative, is there any particular time or stage during the execution of a project for the

establishment or expansion of an industrial facility after which the governor and council may no longer constitutionally make the findings required by section 162-E:7?

"3. If there is a particular time or stage during the execution of a project after which the required findings may no longer be made constitutionally, is such time or stage ( a ) the commencement of construction of the project, or ( b ) the completion of construction of the project, or ( c ) the placing of the project in full operation, or ( d ) some other time or stage?"

The bill provides in section 7 that the "authority shall not acquire any industrial facility or execute any lease or trust indenture or issue any bonds with respect thereto, unless the governor and council have found" the facts required by the rest of the section. As written, the bill requires approval before the Authority may take any of the actions enumerated. This is also a constitutional requirement. *Opinion of the Justices*, 106 N.H. 180, 207 A.2d 574 ( 1965 ). This does not mean however that the Authority may not acquire an industrial facility which is already constructed or in the process of being constructed by private parties when authorized by the Governor and Council. It does mean that the Authority may not proceed to acquire such a facility or execute any lease or trust indenture or issue any bonds until valid approval by the Governor and Council. The fact that private parties have begun or completed construction of a facility may bear upon the validity of the factual determination of whether the acquisition of the facility by the Authority under the act will be primarily for the stated public purpose or whether the purpose is "merely incidental and subsidiary to assistance rendered to private industry . . . ." *Opinion of the Justices*, 99 N.H. 528, 531, 114 A.2d 514, 516 ( 1955 ). Given the proper basis for the constitutionally required finding however, the mere fact that the construction of the facility has been begun or completed by private parties is no constitutional bar to valid approval by the Governor and Council.

The answer to your second and third questions is that there is no particular time or stage, provided the required findings by the Governor and Council have been made upon a proper basis before the Authority can acquire the facility or issue any bonds therefor.

Your fourth question is:

"4. Are the provisions of section 162-E:11 of the proposed legislation, which exempt from taxation in the state of New Hamp-

shire the bonds issued by the Industrial Development Authority and the interest thereon, constitutional?"

RSA 77:4 which provides for the taxation of certain income from bonds, notes, etc., specifically exempts "interest from notes or bonds of this state, deposits in any savings bank, building and loan association, or savings department of any loan and trust company or national bank in this state or in those of any state which exempts from taxation the principal or income of deposits in such institutions in this state owned by residents of that state, and notes or bonds of any political subdivision of this state . . . . " *See also* RSA 33:16.

The authority of the legislature to exempt from taxation income from certain sources has not been questioned and we see no reason to question it now. As long ago as 1839 in *Brewster* v. *Hough*, 10 N.H. 138 and as recently as *Opinion of the Justices*, 111 N.H. 136, 276 A.2d 821( 1971 ) the right to exempt certain classes of property including income has been recognized. *See also Opinion of the Justices*, 97 N.H. 533, 536, 81 A.2d 845, 848-49 ( 1951 ); 95 N.H. 548, 550, 65 A.2d 700, 701 ( 1949 ); 76 N.H. 609, 612, 85 A. 757, 758 ( 1913 ). The objectives of the proposed legislation are sufficient reason to classify the income from the bonds of the Authority as exempt from taxation in New Hampshire.

The answer to your fourth question is therefore " Yes. "

In your fifth question you ask:

" 5. Are the provisions of section 162-E:12 of the proposed legislation exempting industrial facilities from taxation but requir- ing annual payments in lieu of taxes and special assessments, which payments are determined by the state tax commission to be a just share of the public expense, constitutional?" We answer this question " Yes. " *Opinion of the Justices*, 106 N.H. 237, 241, 209 A.2d 474, 476 ( 1965 ); 106 N.H. 180, 184-85, 207 A.2d 574, 577 ( 1965 ).

Your sixth question is:

" 6. In all respects other than those to which the preceding five questions relate, is the proposed legislation constitutional upon its face?"

Of course we " cannot predict every issue "which might be raised in an adversary setting if Senate Bill No. 103 should become law, but the proposed legislation appears to us to be constitutional on its face. *See Opinion of the Justices*, 109 N.H. 578, 583, 258 A.2d

343, 347 ( 1969 ).

FRANK R. KENISON.
LAURENCE I. DUNCAN.
EDWARD J. LAMPRON.
WILLIAM A. GRIMES.
ROBERT F. GRIFFITH.

June 11, 1971.

*Eric Verrill,* Palmer & Dodge of Boston, Massachusetts, for the New Hampshire Industrial Development Authority for negative answers to questions 1 and 2; affirmative answers to questions 4, 5 and 6, and for subsection ( c ) of question 3.