Request of House of Representatives,
No. 6388.

OPINION OF THE JUSTICES.

March 3, 1972.

The following resolution was adopted by the house of representatives on February 23, 1972, and filed in this court on February 24, 1972:

"WHEREAS, there is pending before the House of Representatives, HB52, An Act authorizing the city of Dover to acquire, develop and operate industrial parks within the city and to aid the construction and expansion of industrial facilities within the city by the issue of revenue bonds, and

"WHEREAS, said bill, if enacted into law, would enable the city of Dover, after findings of public purpose are made by the city council of said city, to engage in two types of industrial assistance programs, the first program consisting of the acquisition and development of land within the city for use as industrial parks, the construction therein of industrial park buildings, the financing of such acquisition, development and construction with city funds, the operation and maintenance of such parks and buildings, and the sale or lease of such land and buildings for not less than the fair value thereof, and the second program consisting of aiding the construction and expansion of industrial facilities within the city, but without the use of city funds other than funds raised through the issue of industrial development revenue bonds, and

"WHEREAS, under Article 12 of Part First, Articles 5 and 6 of Part Second and other provisions of the Constitution of New Hampshire and under the Fourteenth Amendment to the Constitution of the United States, public funds may not be used for private ends, and

"WHEREAS, Article 5 of Part Second of the Constitution of the State of New Hampshire, in conferring law making powers on the general court, also provides specifically, ' . . . that the general court shall not authorize any town to loan or give its money or credit directly or indirectly for the benefit of any corporation having for its object a dividend of profits or in any way aid the same by taking its stock or bonds.', and

"WHEREAS, the proposed act contemplates the sale or leasing of industrial park land and buildings to profit making corporations and business enterprises and the financing of industrial facilities which are to be occupied and eventually owned by such corporations or enterprises, but such proposed act does not authorize the city to acquire the stock or bonds of such corporations or enterprises, and

"WHEREAS, the first paragraph of Article 39 of Part First of the Constitution of the State of New Hampshire provides, 'No law changing the charter or form of government of a particular city or town shall be enacted by the legislature except to become effective upon the approval of the voters of such city or town upon a referendum to be provided for in said law.', and

"WHEREAS, the proposed act does not contain any provision for a referendum in the city of Dover, and

"WHEREAS, questions have arisen as to the constitutionality of the proposed act, now therefore, be it

"RESOLVED, that the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions of law:

"1. May the findings of public purpose required by sections 5 and 14 of the proposed act constitutionally be made by the city council of the city of Dover rather than by a state agency or by state officials?

"2. Are the provisions of the proposed act authorizing the city of Dover to engage in the first type of industrial assistance

program (industrial parks and buildings) unconstitutional as an authorization of the expenditure of public funds for other than a public purpose?

"3. Are the provisions of the proposed act authorizing the city of Dover to engage in the first type of industrial assistance program unconstitutional as an authorization of the city of Dover to loan or give its money or credit directly or indirectly for the benefit of any corporation having for its object a dividend of profits?

"4. Are the provisions of the proposed act authorizing the city of Dover to engage in the second type of industrial assistance program (financing industrial facilities with revenue bonds) unconstitutional as an authorization of the expenditure of public funds for other than a public purpose?

"5. Are the provisions of the proposed act authorizing the city of Dover to engage in the second type of industrial assistance program unconstitutional as an authorization of the city of Dover to loan or give its money or credit directly or indirectly for the benefit of any corporation having for its object a dividend of profits?

"6. Is the proposed act a law changing the charter or form of government of the city of Dover?

"7. If the answers to questions 2 through 5 above indicate that the proposed act is constitutional in part or in whole, is the proposed act constitutional upon its face in other respects?

"BE IT FURTHER RESOLVED

That the Speaker transmit seven copies of these resolutions and HB 52 to the Clerk of the Supreme Court for consideration by said court."

The following answer was returned:

*To the House of Representatives:*

The undersigned justices of the supreme court give the following answers to the questions contained in your resolution of February 23, 1972 and filed here the next day.

House bill 52 which is the subject of your inquiry would authorize the city of Dover through its industrial park authority to acquire, develop and operate industrial parks, construct,

lease and sell industrial facilities and aid in the construction and expansion of industrial facilities in much the same way as the State authority has been authorized to do under RSA ch. 162-A(supp.), RSA ch. 162-D(supp.), and RSA ch. 162-E(supp.).

The declaration of need and purpose of the bill is essentially the same as that contained in RSA ch. 162-E:1(supp.). The bill provides that the authority shall not embark upon any of the projects authorized in the bill unless the city council after notice and hearing shall have made essentially the findings which the Governor and Council must make under RSA ch. 162-D:5(supp.) and RSA ch. 162-E:7(supp.) before the State authority may act. Your first question is whether the findings required by sections 5 and 14 of the bill may be made by the city council of Dover instead of a State agency or by State officials. Our answer to this question is "Yes". If the findings are made by a responsible body on proper documentation and information as provided by the bill it matters not whether that body is municipal rather than State.

Questions 2, 3, 4 and 5 inquire whether certain provisions of the bill would be unconstitutional on the ground that they would authorize the expenditure of public funds for other than a public purpose, or give money or credit for the benefit of any corporation having for its object a dividend of profit. The answer to these four questions is "No".

We have already given our opinion that RSA ch. 162-D(supp.), and RSA ch. 162-E(supp.) are constitutional. *Opinion of the Justices*, 111 N.H. 199, 278 A.2d 357 (1971). The reasons there referred to are equally applicable to the proposed legislation here under consideration and we respectfully refer to that opinion and cases cited therein.

We emphasize however the importance of valid findings by the city council under sections 5 and 14 of the bill that the project will serve a public purpose and not be primarily for the benefit of private persons or uses and is within the policy of and the authority conferred by the proposed act. *Opinion of the Justices*, 106 N.H. 180, 207 A.2d 574 (1965); *Opinion of the Justices*, 106 N.H. 237, 209 A.2d 474 (1965).

In question number 6 you ask if the proposed act is a law changing the charter or form of government of the city

of Dover. Our answer is "No". New Hampshire constitution part I, article 39, provides that "No law changing the charter or form of government of a particular city or town shall be enacted by the legislature except to become effective upon the approval of the voters of such city or town upon a referendum to be provided for in said law".

Although the bill applies to the city of Dover and is not a "general law" applicable to other municipalities (*Opinion of the Justices*, 109 N.H. 396, 254 A.2d 273 (1969)), it nevertheless does not purport to "change the charter or form of government" of that city. It would simply permit the city, under its existing charter and form of government, to do the things allowed by the bill. We are of the opinion that New Hampshire constitution part I, article 39, was intended to prevent the form of government as provided by a charter from being altered by the legislature without a referendum of the people affected, and not to prevent the legislature from conferring additional powers upon a particular city to be exercised under its existing form of government. *See* Report of the Fifteenth Constitutional Convention Committee to Study the State Constitution 24; Voter's Guide to Proposed Amendments to the Constitution, November 8, 1966, Election Question 3.

The seventh question asks if the proposed legislation is otherwise constitutional on its face. As we have stated on prior occasions we "cannot predict every issue" that may be raised in an adversary setting if this bill should become law. Our answer to your question is "Yes". *See Opinion of the Justices*, 111 N.H. 199, 205, 278 A.2d 357, 361 (1971).

FRANK R. KENISON.
LAURENCE I. DUNCAN.
EDWARD J. LAMPRON.
WILLIAM A. GRIMES.
ROBERT F. GRIFFITH.