Request of Governor and Council
No. 6860

## Opinion of the Justices

March 8, 1974

The following resolution was adopted by the Governor and Council February 27, 1974, and filed in this court on February 28, 1974:

"Whereas, the City of Berlin, New Hampshire has failed to obtain approval to issue certain bonds authorized by RSA 162-G as inserted by 1972, 57:1 because of the doubtful constitutionality of said statute; and

"Whereas, the withholding of such approval is of grave concern to the Governor and Council in that it impedes the development of an economically depressed area of the State and is thereby injurious to the welfare of the State as a whole; and

"Whereas, the Governor and Council have been requested to provide guidance relative to the manner in which RSA 162-G is to be executed and implemented; and

"Whereas, under Article 12 of Part First, Articles 5 and 6 of Part Second and other provisions of the Constitution of New Hampshire and under the Fourteenth Amendment to the Constitution of the United States, public funds may not be used for private ends; and

"Whereas, under New Hampshire law governmental involvement in industrial development does not proceed under any express constitutional sanction; and

"Whereas, each new law authorizing such involvement, whether State or local, should be closely examined in order to determine its consistency with the Opinions of the Justices and the Constitutions of New Hampshire and the United States; now therefore be it

"RESOLVED, that the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions of law:

"1. Are the provisions of the statute for the acquisition, financing, lease and sale of an industrial facility unconstitutional as an authorization of the expenditure of public funds for other than a public purpose?

"2. Are the provisions of the statute for the discharge of an obligation incurred by a city or town unconstitutional as a giving of money or credit directly or indirectly for the benefit of a private corporation?

"Be it resolved that the Secretary of State transmit seven copies of this resolution to the Clerk of the Supreme Court for consideration by said court."

The following answer was returned:

*To His Excellency the Governor and the Honorable Council:*

The undersigned justices of the supreme court submit the following reply to the questions contained in your resolution adopted February 27, 1974, and filed with the supreme court on February 28, 1974. In accordance with our usual practice an opportunity was provided for any attorney, legislator, organization, interested party or member of the public to file typewritten memoranda on the questions presented by the request on or before March 7, 1974. Only one memorandum was filed which was in opposition to the request for an advisory opinion.

The essence of the three questions is whether RSA ch. 162-G (Supp. 1973) which was enacted by Laws 1972, 57:1, is constitutionally valid. The statute, which became effective May 26, 1972, is entitled "Acquisition, Development and Disposal of Industrial Land and Facilities." The resolution states that "the City of Berlin, New Hampshire has failed to obtain approval to issue certain bonds authorized by RSA 162-G as inserted by Laws 1972, 57:1 because of the doubtful constitutionality of said statute."

RSA ch. 162-G (Supp. 1973) contains many of the features we have approved in prior advisory opinions.

*Opinion of the Justices,* 106 N.H. 180, 207 A.2d 574 (1965); *Opinion of the Justices,* 106 N.H. 237, 209 A.2d 474 (1965). However it lacks certain safeguards and standards which would protect the public and the taxpayer from expending public funds for other than public purposes. Such safeguards and standards have been considered quite significant and necessary as a means of upholding the constitutionality and validity of projects for the development of industrial land and facilities. *Opinion of the Justices,* 112 N.H. 42, 288 A.2d 697 (1972). *See also* Laws 1972, ch. 63. One defect may be mentioned in this connection.

RSA 162-G:13 (Supp. 1973) reads as follows: "The net project cost of any industrial facility shall be the difference between the project costs and the disposal price. Such net project cost is hereby deemed to be a lawful obligation of the governmental unit and an expenditure of public funds for a public purpose." It will be noted that the net project cost is defined in section 13 as "the difference between the projects costs and the disposal price." While "project costs" are defined in section 3 VII, the disposal price is not defined either in that section or elsewhere in the act. The absence of a definition makes it difficult to determine whether the net project cost will be in fact an expenditure for a public purpose. *See* RSA 162-G:9 (Supp. 1973); *Opinion of the Justices,* 113 N.H. 201, 304 A.2d 89 (1973).

It appears that the city of Berlin is faced with a time limit problem whether it proceeds under the provisions of RSA ch. 162-G or under some other provision in the state statutes. Accordingly we have not attempted to make a comprehensive analysis of all sections of this chapter as bond counsel may have done. The necessity for a prompt reply, and the difficulty of ascertaining the factual situation involved in the city of Berlin preclude any detailed review of the statute. Inasmuch as RSA ch. 162-G (Supp. 1973) has one or more defects in its present form we do not consider it advisable to specifically answer the three inquiries of Governor and Council except to the extent we have already done.

The Governor and Council are advised that RSA ch.

162-G (Supp. 1973) as applied to the city of Berlin as stated in your resolution is of questionable validity.

FRANK R. KENISON
LAURENCE I. DUNCAN
EDWARD J. LAMPRON
WILLIAM A. GRIMES
ROBERT F. GRIFFITH

March 8, 1974

Arthur J. Bergeron, attorney, filed a memorandum.